Chief Judge Desmond.
We granted leave to appeal in order to take another step toward a complete solution of the problem partially cleared up in Greenberg v. Lorenz (9 N Y 2d 195) and Randy Knitwear v. American Cyanamid Co. (11 N Y 2d 5) (both decided after the making of the Special Term and Appellate Division orders here appealed from). The question now to be answered is: does a manufacturer’s implied warranty *435 of fitness of Ms product for its contemplated use run in favor of all its intended users, despite lack of privity of contract?
The suit is by an administratrix for damages for the death of her daughter-intestate as the result of injuries suffered in the crash near La Guardia Airport, New York City, of an airplane in which the daughter was a fare-paying passenger on a flight from Chicago to New York. American Airlines, Inc., owner and operator of the plane, is sued here for negligence (with present respondents Lockheed and Kollsman) but that cause of action is not the subject of this appeal. The two causes of action, from the dismissal of which for insufficiency plaintiff appeals to us, run against Kollsman Instrument Corporation, manufacturer or supplier of the plane’s altimeter, and Lockheed Aircraft Corporation, maker of the plane itself. Kollsman and Lockheed are charged with breaching their respective implied warranties of merchantability and fitness. Those breaches, it is alleged, caused the fatal crash.
There is nothing in the complaint that says where the plane or its altimeter were manufactured or sold nor does the pleading inform us as to decedent’s place of residence, although it is alleged that plaintiff’s appointment as administratrix was by a New York court. Plaintiff argues that California law should apply on the 11 grouping of contracts ’ ’ theory and it is clear (indeed in effect conceded by respondents) that California law allows recovery for a proven breach of implied warranties as to dangerous instrumentalities (see Peterson v. Lamb Rubber Co., 54 Cal. 2d 339, 347; Greenman v. Yuba Power Prods., 59 Cal. 2d 67). Special Term, however, said in its opinion in the present case that the governing law is that of New York State where the accident took place, citing Poplar v. Bourjois, Inc. (298 N. Y. 62) and that under New York law no claim for breach of implied warranty may be enforced by one not in privity with the warrantor. The Appellate Division, affirming, wrote no opinion. The Special Term opinion, as we have said above, was filed before our Greenberg and Randy Knitwear decisions {supra) and Greenberg and Randy Knitwear declared that in New York privity of contract is not always a requisite for breach of warranty recoveries. The Randy Knihvear opinion (11 N Y 2d, p. 16) at least suggested that all requirements of privity have been dispensed with in our State. That is the imme *436 diate, or at least the logical and necessary result of our decisions and, accordingly, it really makes no difference whether New York or California law he applied, since in this respect both States use the same rules.
The enormous literature on this subject and the historical development of the law of warranties to its present state need not be reviewed beyond the references in our Greenberg and Randy Knitwear opinions (supra). A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer. As to foodstuffs we definitively ruled in Greenberg v. Lorenz (9 N Y 2d 195, supra) that the persons thus protected and eligible to sue include the purchaser’s family. We went no further in that case because the facts required no farther reach of the rule.
The concept that as to “ things of danger ’ ’ the manufacturer must answer to intended users for faulty design or manufacture is an old one in this State. The most famous decision is MacPherson v. Buick Motor Co. (217 N. Y. 382) holding the manufacturer liable in negligence to one who purchased a faulty Buick automobile from a dealer (see the recent and similar case of Markel v. Spencer, 5 A D 2d 400, affd. 5 N Y 2d 958). But the MacPherson opinion cites much older cases such as Devlin v. Smith (89 N. Y. 470 [1882]) where one who negligently built a scaffold for a contractor was adjudged liable to the contractor’s injured employee. MacPherson and its successors dispelled the idea that a manufacturer was immune from liability in tort for violation of his duty to make his manufactures fit and safe. In MacPherson’s day enforcement required a suit in negligence. Today, we know from Greenberg v. Lorenz, Randy Knitwear v. American Cyanamid Co. (supra) and many another decision in this and other States (see, for instance, Henningsen v. Bloomfield Motors, 32 N. J. 358, and Thomas v. Leary, 15 A D 2d 438) that, at least where an article is of such a character that when used for the purpose for which it is made it is likely to be a source of danger to several or many people if not properly designed and fashioned, the manufacturer as well as the vendor is liable, for breach of law-implied warranties, to the persons *437 whose use is contemplated. The MacPherson holding was an “ extension ” of existing court-made liability law. In a sense, Greenberg v. Lorenz and Randy Knitwear v. American Cyanamid Co. (supra) were extensions in favor of noncontracting consumers. But it is no extension at all to include airplanes and the passengers for whose use they are built — and, indeed, decisions are at hand which have upheld complaints, sounding in breach of warranty, against manufacturers of aircraft where passengers lost their lives when the planes crashed (see, e.g., Conlon v. Republic Aviation Corp., 204 F. Supp. 865; Middleton v. United Aircraft Corp., 204 F. Supp. 856; Ewing v. Lockheed Aircraft Corp., 202 F. Supp. 216; Hinton v. Republic Aviation Corp., 180 F. Supp. 31).
As we all know, a number of courts outside New York State have for the best of reasons dispensed with the privity requirement (see Jaeger, Privity of Warranty: Has the Tocsin Sounded?, 1 Duquesne H. L. Rev. 1). Very recently the Supreme Court of California (Greenman v. Yuba Power Prods., 59 Cal. 2d 67 [Jan., 1963], supra) in a unanimous opinion imposed “ strict tort liability” (surely a more accurate phrase) regardless of privity on a manufacturer in a case where a power tool threw a piece of wood at a user who was not the purchaser. The California court said that the purpose of such a holding is to see to it that the costs of injuries resulting from defective products are borne by the manufacturers who put the products on the market rather than by injured persons who are powerless to protect themselves and that implicit in putting such articles on the market are representations that they will safely do the job for which they were built. However, for the present at least we do not think it necessary so to extend this rule as to hold liable the manufacturer (defendant Kollsman) of a component part. Adequate protection is provided for the passengers by casting in liability the airplane manufacturer which put into the market the completed aircraft.
The judgment appealed from should be modified, without costs, so as to provide for the dismissal of the third (Kollsman) cause of action only and, as so modified, affirmed.