Lorene M. SWAIN, as Executrix of the Last Will and Testament of William T. Swain, deceased, et al., Plaintiffs-Appellants,

v.

BOEING AIRPLANE COMPANY, Defendant-Respondent.

No. 17, Docket 28843.

United States Court of Appeals Second Circuit.

Argued Sept. 28, 1964.

Decided Oct. 27, 1964.

William F. X. Geoghan, Jr., New York City, Speiser, Shumate, Geoghan & Law, New York City (Stuart M. Speiser, William L. Shumate, New York City, and Alfred W. Gans, Rochester, N. Y., of counsel), for plaintiffs-appellants.

Benjamin E. Haller, New York City, Mendes & Mount, New York City, for defendant-appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

The personal representatives of five American Airlines employees, killed in a training flight of a Boeing 707–123 jet airplane over Long Island in 1959, brought actions for wrongful death against the Boeing Airplane Company in the District Court for the Southern District of New York—federal jurisdiction being predicated on diverse citizenship. Plaintiffs contended that the initial design of the tail, rudder and rudder controls of the airplane was defective; and that Boeing was liable for negligence in design and for failure to give adequate warning of the characteristics of the airplane, and also on a theory of a manufacturer's strict liability for a defective product, see Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 240 N.Y.S.2d 592, 191 N.E.2d 81 (1963). Their actions, tried before the late Judge Dawson and a jury, resulted in a verdict for the defendant, upon which the court entered judgments dismissing the complaints.

██ Boeing suggested at the trial that the plane had been put into too violent a maneuver even for a training flight or had been flown unskillfully. Although Boeing had pleaded contributory negligence, its counsel withdrew that defense on the basis that "we don't know which of the men was flying this airplane"— of which the decedents had been the sole occupants—"and we have not sought to sustain the burden of proving contributory negligence as to any one particular decedent." Appellants assert that, in the absence of any explanation for the accident independent of the conduct of the decedents, this concession entitled them to a directed verdict and, in the alternative, that the judge erred in permitting the jury to consider the possible misuse of the airplane. However, even under the principle of strict liability the manufacturer is liable only if the plaintiff proves the accident was caused by delivery of the article in a "defective condition," which is to say not "safe for normal handling and consumption." ALI, Restatement (Second), Torts § 402 (A) (1) & comment h (Tent. Draft No.

10, 1964). The inference of the existence and the causality of a defect would indeed be bolstered if the manufacturer admitted that improper use played no part in the accident. But Boeing's withdrawal of the contributory negligence defense for lack of affirmative proof as to who was misusing the plane in no way conceded that the plane was not being misused; it remained for the jury to decide whether the plaintiffs had sustained their burden of showing that the crash was due to a defect rather than to negligent operation or some other cause for which the manufacturer would not be responsible.

The other serious complaint is that the judge violated the final sentence of F.R. Civ.P. 51 requiring that opportunity shall be given to object to the charge out of the hearing of the jury. After concluding the charge the court inquired whether there were any exceptions. Appellants' counsel asked, "May we approach the bench, your Honor?", to which the court replied, "No. Are there any exceptions to the charge?" Counsel then sought and received permission to confer with an associate, after which he took exceptions and made requests in the presence of the jury.

██ Appellants' counsel says that the judge should have understood his request as invoking the final sentence of F.R.Civ.P. 51, citing Cosper v. Southern Pacific Co., 298 F.2d 102, 104 (9 Cir. 1961), where this precise form of address was endorsed. In an opinion denying post-verdict motions, Judge Dawson explained that he had not so understood the remark in the total setting and that if a specific "request had been made, the Court, with counsel, would have retired to the robing room." Fully accepting this and agreeing that counsel could well have made specific reference to the Rule, we nevertheless believe that the request was sufficient and that counsel was warranted in thinking that permission to take exceptions out of the hearing of the jury had been denied; we agree with other circuits that trial judges should be alert to further the important objective

of the final sentence of Rule 51. See Downie v. Powers, 193 F.2d 760, 767 (10 Cir. 1951); Swift v. Southern R.R., 307 F.2d 315, 320–321 (4 Cir. 1962). But it does not follow that a failure to comply with that direction automatically requires reversal; the harmless error statute, 28 U.S.C. § 2111, embodies a policy at least as important. As said by Judge Haynsworth in the Swift opinion just cited, when the court has failed to give the opportunity required by the last sentence of Rule 51, the deprived party may fairly be relieved "of that portion of the rule which prohibits assignments of error, directed to the charge, unless the required objection has been sufficiently made"; moreover, reversal will also be called for if there is reasonable basis for concluding that the colloquy had in the presence of the jury as a result of the judge's ignoring or denying a proper request was prejudicial. Examining the charge and the colloquy in this light, we find no ground for reversal.

Appellants' other points have been carefully weighed, but do not require discussion.

Affirmed.