339 F.2d 4
 William J. DELANEY, an infant by Helen Delaney, his Guardian ad Litem, and Helen Delaney, Plaintiffs-Appellees,
v.
TOWMOTOR CORPORATION, Defendant and Third-Party Plaintiff-Appellant,
v.
MARINE & INDUSTRIAL EQUIPMENT CO., Third-Party Defendant-Appellee.
TOWMOTOR CORPORATION, Fourth-Party Plaintiff-Appellant,
v.
T. HOGAN & SONS, INC., Fourth-Party Defendant-Appellee.
 No. 30.
 Docket 28910.
 United States Court of Appeals Second Circuit.
 Argued September 30, 1964.
 Decided December 3, 1964.
 
 Benjamin H. Siff, New York City (Allen M. Taylor, New York City), for appellant, Towmotor Corporation.
 Chester A. Hahn, New York City (Sylvia Miller, New York City), for plaintiffs-appellees.
 Before LUMBARD, Chief Judge, and FRIENDLY and MARSHALL, Circuit Judges.
 FRIENDLY, Circuit Judge.
 
 
 1
 Defendant Towmotor Corporation is a manufacturer of fork lift trucks, often described as hilos, which it marketed in New York City through a sole distributor, A. A. Moore, Inc. It developed a new model, containing an overhead guard manufactured by the third-party defendant, Marine & Industrial Equipment Co. On the instructions of Towmotor's New York service manager, one of the new lifts, owned by Towmotor, was delivered to T. Hogan & Sons, a stevedore, "as a demonstrator for them to try it out and get acquainted with our newer type of equipment." Delaney, an employee of Hogan, operating the hilo on a North River pier seven weeks later, was injured when the overhead guard collapsed.
 
 
 2
 This action against Towmotor in the District Court for the Southern District of New York followed, federal jurisdiction being based on diverse citizenship. Delaney alleged both negligence in design and manufacturer's strict liability. Towmotor impleaded Marine & Industrial and Hogan. Delaney's action against Towmotor was tried to Judge Wyatt and a jury. His case rested on a claimed defect in the manner in which the overhead guard was affixed. In the new hilo, as in its predecessors, whereas the rear portions of the uprights were attached by U-bolts which permitted movement, the forward portions allegedly were welded to the horizontal plate of an angle iron and this was held rigidly against the front of the hilo. An expert metallurgist testified that this construction would have the result that vibrations would cause metal fatigue and consequent fracture. The jury found for Towmotor on the claim of negligence in design but for Delaney on the claim of strict liability. Later the judge denied Towmotor's motion for a directed verdict, on which he had reserved decision, and its motion for judgment notwithstanding the verdict; he also dismissed its third-party claims, as to which no demand had been made for jury trial. Towmotor appealed from all these judgments; however, in its brief it abandoned the appeal from the dismissal of its third-party claim against Hogan.
 
 
 3
 Although the accident occurred on a pier, the parties have properly assumed the case to be governed by the law of New York rather than by the general maritime law. Fredericks v. American Export Lines, Inc., 227 F.2d 450, 454 (2 Cir. 1955), cert. denied, 350 U.S. 989, 76 S.Ct. 475, 100 L.Ed. 855 (1956); Forkin v. Furness Withy & Co., 323 F.2d 638 (2 Cir. 1963). In view of the decision in Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 436-437, 240 N.Y.S.2d 592, 594-595, 191 N.E.2d 81 (1963), and of the approving citation there of Greenman v. Yuba Power Prods., Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1963), we entertain no doubt that the Court of Appeals would consider a hilo to be "an article * * * of such a character that when used for the purpose for which it is made it is likely to be a source of danger to several or many people if not properly designed and fashioned," and thus to be a proper subject for manufacturer's strict liability under New York law. Towmotor's argument is rather that a manufacturer's liability is for breach of an implied warranty and that there can be no such warranty where as here, there has been no sale. The transaction between it and Hogan, says Towmotor, was a gratuitous bailment and the only duty of the bailor in such a case is to give "warning or notice of those defects * * *, if any, of which it had knowledge and which in reasonable probability would imperil those using" the subject of the bailment — a proposition for which it cites Knapp v. Gould Auto. Co., 252 App.Div. 430, 433, 299 N.Y.S. 688, 691 (1937). It distinguishes Covello v. State, 17 Misc.2d 637, 187 N.Y.S.2d 396 (Ct.Cl.1959), which was cited by the district judge, as being a suit by a bailee under a bailment for hire.
 
 
 4
 We find it unnecessary to decide whether New York would hold that a bailor who received no immediate consideration but hoped for ultimate sale would come within the principle narrowly limiting the implied warranties in the typical gratuitous bailment such as the loan of equipment to a friend — an issue that would be vital if Towmotor had sold the hilo to Moore, the loan was made by Moore, and the action was against it.[1] For we deal here with manufacturer's liability and, as intimated in George v. Douglas Aircraft Co., 332 F.2d 73, 79-80 (2 Cir.), cert. denied, 85 S.Ct. 193 (1964), we are convinced that New York is among those enlightened jurisdictions that no longer regard "an obligation which the law imposes irrespective of the intention of the parties or even in direct contravention of their expressions as in the same category as a contractual warranty, express or fairly implied." See Prosser, The Assault Upon the Citadel (Strict Liability to the Consumer), 69 Yale L.J. 1099, 1124-1134 (1960); Restatement (Second), Torts, § 402A, comment m (Tent. Draft No. 10, 1964). New York regards the liability of the manufacturer of an article as arising from "[h]aving invited and solicited the use," Randy Knitwear, Inc. v. American Cyanamid Co., 11 N.Y. 2d 5, 13, 226 N.Y.S.2d 363, 368, 181 N.E.2d 399, 403 (1962); Chief Judge Desmond has characterized "strict tort liability" as "surely a more accurate phrase" to identify this new concept than breach of warranty. Goldberg v. Kollsman Instrument Corp., supra, 12 N.Y.2d at 437, 240 N.Y.S.2d at 595, 191 N.E.2d 81. We realize that the latest version of the section of the Restatement of Torts Second dealing with a manufacturer's liability, § 402A(1) (Tent.Draft No. 10, 1964), speaks of "one who sells any product in a defective condition * * *." But we think the Court of Appeals would regard this, as we would, as a description of the situation that has most commonly arisen rather than as a deliberate limitation of the principle to cases where the product has been sold, intentionally excluding instances where a manufacturer has placed a defective article in the stream of commerce by other means. We can see no sensible reason why Delaney's rights against Towmotor should be less extensive on the facts here than if Towmotor had first sold the hilo to its distributor, or than if it had sold the machine to Hogan, for a nominal down payment, subject to return if Hogan was not satisfied after a trial period. Since we can see no such reason, we must assume the New York Court of Appeals would be equally unable to perceive one. See Cooper v. American Airlines, Inc., 149 F.2d 355, 359 (2 Cir. 1945); Nolan v. Transocean Air Lines, 290 F.2d 904, 908 (2 Cir.), cert. denied, 368 U.S. 901, 82 S.Ct. 177, 7 L.Ed.2d 96 (1961).
 
 
 5
 Towmotor's other objections to Delaney's judgment require little comment. Although it would have been better if Delaney's metallurgical expert had inspected the hilo, or at least one of its type, there was sufficient evidence as to its construction to allow his testimony to go to the jury. Towmotor complains that although the charge properly covered the point that manufacturer's strict liability would not extend to accidents arising from any misuse by Hogan, it did not exclude such liability for a failure of the guard arising from other causes subsequent to its delivery. But, apart from the absence of evidence suggesting anything of the sort, any deficiency in the charge was cured when the judge said, in answer to a juror's question, "the warranty of the defendant Towmotor had to do with the machine as delivered to Towmotor * * *." Complaint is also made of the judge's refusal to postpone or interrupt the summations in order to allow Towmotor to call a metallurgist who was to testify on its behalf. A decision to deprive a party of testimony it deems important is always painful, as it obviously was to the judge here. But reconciliation of the difficulties sometimes encountered in procuring the timely attendance of witnesses and the opposing necessities of judges, jurors and adverse parties must be left to the district judges who are daily confronted with these problems — many of them, like Judge Wyatt, trial lawyers with long experience — free from appellate second-guessing save for the most flagrant kind of intemperate or arbitrary action.
 
 
 6
 With respect to Towmotor's claim over against the manufacturer of the guard, the judge found that the allegedly defective design which must have constituted the ground for Delaney's verdict against Towmotor was that which Towmotor specified. There is no possible basis for thinking this to be clearly erroneous.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 We note that, in the Covello case, the Court of Claims spoke of "a bailor-bailee relationship for mutual benefit," a broader phase than "bailment for hire." Cf. Paton, Bailment in the Common Law 93-94 (1952)