Flynn, Appellant, *v.* McCorriston.

Argued June 15, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Herbert Braker,* for appellant.

*Anthony J. Damiano,* for appellee.

OPINION BY ERVIN, P. J., September 14, 1967:

The only question raised in this appeal is the right of a litigant to take exceptions to the charge of the trial judge out of the jury's hearing.

Pa. R.C.P. No. 227(b) is as follows: "Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires. On request of any party all such exceptions and arguments thereon shall be made out of hearing of the jury."

The rule does not apply to any exceptions other than exceptions to the charge. The purpose of the rule is to protect counsel from any adverse prejudice in the minds of the jurors. It is a good rule and trial judges should afford counsel the opportunity which it presents.

We do not approve of the trial judge's ruling in this case. In this case, however, the failure to comply with the rule was harmless error. Counsel was given the opportunity to state exceptions, if that was his purpose. Had they been stated there would have been something on the record to indicate whether he

346

was harmed by the trial judge's failure to comply with the rule. In the event of harm, he would then be in a position to request a new trial. In the case of *Swain v. Boeing Airplane Co.*, 337 F. 2d 940, C.A. 2d (1964), 9 FR Serv. 2d 51.34, a trial judge failed to follow a federal rule similar to our Pennsylvania rule. In that case, when being invited to state his exceptions, counsel proceeded to make the same within the hearing of the jury. The Court of Appeals for the Second Circuit affirmed counsel's right to have exceptions out of the jury's hearing but further concluded that, under the circumstances of that case, it was harmless error. It did not reverse since there was no reasonable basis for concluding that the colloquy had in the presence of the jury was prejudicial. The colloquy between the court and counsel in the present case, in our opinion, was harmless and we do not believe it in any way prejudiced the jury.

Judgment affirmed.