[No. 855-3.    Division Three.    August 6, 1974.]

JOHNNIE ANDERSON, *Appellant*, v. ASSOCIATED GROCERS, INC., *et al., Respondents.*

*Warren L. Dewar, Jr.* (of *Velikanje, Moore & Shore*), for appellant.

*Douglas A. Wilson* (of *Wilson, Flower & Sullivan*), for respondents.

GREEN, C.J.—Plaintiff appeals from an order granting summary judgment of dismissal in favor of the defendant, Associated Grocers, Inc. The propriety of this order presents the sole question on appeal.

Shortly after 8 a.m. on July 23, 1970, Associated Grocers delivered a pallet of produce to the back room of the Thriftway Market in Pasco. On top of the stack of produce

was one cardboard box of Chiquita brand bananas. The bananas were unwrapped and the box contained breather holes. Later that morning, Tom Anderson, the produce manager, removed the box of bananas from the top of the stack. When he reached for a lug of radishes that had been under the bananas, a spider, identified as Heteropoda Venatoria, commonly called a banana spider, 6 inches in diameter, leaped from some wet burlap onto his left hand and bit him. Nine months later, April 24, 1971, Tom Anderson died of heart failure.

His wife, Johnnie Anderson, as administratrix of her husband's estate, brought this action to recover damages for the alleged wrongful death of her husband. The action is grounded upon three theories: (1) strict liability for a defect in product under Restatement (Second) of Torts § 402A (1965);[1] (2) breach of implied warranty of merchantability and fitness based upon RCW 62A.2-314;[2] and

---

[1]"Special Liability of Seller of Product for Physical Harm to User or Consumer

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

[2]RCW 62A.2-314 provides:

"(1) Unless excluded or modified (RCW 62A.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

"(2) Goods to be merchantable must be at least such as

"(a) pass without objection in the trade under the contract description; and

"(b) in the case of fungible goods, are of fair average quality within the description; and

(3) negligence. In granting summary judgment for Associated Grocers, the trial court rejected the first two theories and found no evidence to support an issue of fact as to negligence.

On appeal, error is assigned to the granting of summary judgment in favor of defendant rather than plaintiff on the first two theories. No error having been assigned to the granting of summary judgment on the negligence theory, it is not before us.

■■ With respect to the other two theories, plaintiff contends that the bananas delivered to the Pasco Thriftway and handled by her deceased husband were defective and thereby unfit for the ordinary purpose for which the bananas were to be used. The trial court rejected this contention because there was no showing that the bananas were in any way defective or unfit for the purpose intended. The court noted that the spider was not in the bananas nor the container, and ruled that although the container may have transported the spider, the product was not defective or unfit. We affirm.

Section 402A of the Restatement of Torts, as well as RCW 62A.2-314, and the cases cited to us by plaintiff,[3] involve defects in the product itself. None involve transient

"(c) are fit for the ordinary purposes for which such goods are used; and

"(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

"(e) are adequately contained, packaged, and labeled as the agreement may require; and

"(f) conform to the promises or affirmations of fact made on the container or label if any.

"(3) Unless excluded or modified (RCW 62A.2-316) other implied warranties may arise from course of dealing or usage or trade."

[3]*Swain v. Boeing Airplane Co.*, 337 F.2d 940 (2d Cir. 1964), alleged defective design of a tail rudder on a Boeing 707; *Zabner v. Howard Johnson's, Inc.*, 201 So. 2d 824 (Fla. App. 1967), concerned a walnut shell concealed in a dish of ice cream being consumed by restaurant patron; *Pulley v. Pacific Coca-Cola Bottling Co.*, 68 Wn.2d 778, 415 P.2d 636 (1966), related to a cigarette butt contained in a bottle of Coca-Cola; *Bombardi v. Pochel's Appliance & TV Co.*, 10 Wn. App. 243, 518 P.2d 202 (1973), concerned a fire caused by a defect within a TV set;

insects or spiders. In the instant case, the spider was not in the bananas, but was on a piece of wet burlap on top of a box of radishes. There was nothing wrong with the bananas; they were edible and saleable. In these circumstances, neither the doctrine of strict liability nor breach of implied warranty of fitness applies.

Affirmed.

MUNSON and McINTURFF, JJ., concur.

Petition for rehearing denied August 19, 1974.

Review denied by Supreme Court October 11, 1974.

*Jackson v. Standard Oil Co.,* 8 Wn. App. 83, 505 P.2d 139 (1972), involved the improper mixing of diesel and gas in a tank without notice to decedent who was welding a leak in the tank; *Pugh v. J.C. Whitney & Co.,* 9 UCC Rep. Serv. 229, 230 (E.D.N.Y. May 10, 1971), involved a plaintiff who reached into a box containing a "rocker panel" and was cut on an unprotected sharp knife-like projection in the panel.