■ THOMAS TORROGROSSA, Respondent, v TOWMOTOR Co., Subsidiary of CATERPILLAR TRACTORS CO., INC., et al., Respondents, and PENNCO INDUSTRIAL, INC., et al., Appellants. PENNCO INDUSTRIAL, INC., Third-Party Plaintiff-Appellant, v TOWER INSULATION CORP., Third-Party Defendant-Respondent. (And Another Action.)—Judgment, Supreme Court, Bronx County, entered July 8, 1976, in favor of the plaintiff against the defendants-appellants Pennco Industrial, Inc., and H. O. Penn Machinery (hereinafter both Pennco), unanimously modified, on the law, to dismiss the complaint, and otherwise affirmed, without costs and without disbursements. Appellant Pennco is a truck leasing company and leased a forklift to Tower Insulation Corp., employer of the plaintiff. It obtained the forklift from codefendant Towmotor Corporation, the manufacturer. Plaintiff was driving the forklift at top speed (eight miles an hour) and suddenly made a left hand turn and the machine overturned and injured the plaintiff. The jury's general verdict

was in favor of the codefendant manufacturer on the warranty claim but against the defendant-appellant Pennco. On the issue of warranty, the jury verdict was inconsistent inasmuch as the manufacturer and the lessor would be liable on the same theory. *(Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432, 436–437.) There remains then as against the defendant-appellant Pennco the issue only of negligence in not properly instructing the plaintiff in the use of the forklift. However, the plaintiff had previous experience in operating the forklift, and the vendor-lessor could not be held responsible for the carelessness of the driver. *(Pulka v Edelman,* 40 NY2d 781.) It can also be said that the driver's employer had a duty with respect to instruction, but the trial court dismissed the third-party claim of Pennco against the employer Tower Insulation Corp. In any event, inasmuch as the verdict of the jury was a general one, and it is impossible to determine upon what theory the recovery was actually allowed, the inconsistent one of breach of warranty, or the negligence theory, if we did not dismiss, we would order a new trial. *(Durham v Metropolitan Elec. Protective Assn,* 27 AD2d 818.) However, any finding of negligence here would be contrary to the weight of the evidence. *(Goldstein v New York Cent. R. R. Co.,* 19 AD2d 835.) Concur —Kupferman, J. P., Lupiano, Birns and Nunez, JJ.