■ Jack R. Sweetman, Respondent, v Webtron Corp., Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered on February 25, 1981, affirmed, without costs and without disbursements and without prejudice to renewal after pretrial disclosure proceedings. Concur — Kupferman, J. P., Sullivan and Carro, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant defendant's motion for summary judgment. The action allegedly arises out of an accident in which plaintiff, operating his motorcycle, was struck by an automobile and apparently he was not protected by his helmet. Defendant is claimed to be liable because of a defect in the chin straps of the helmet. Defendant moved for summary judgment. The complaint alleges that defendant manufactured the chin straps. There is no supporting proof. Defendant interposes affidavits showing that it did not manufacture the chin straps; it merely bought certain webbing (which it did not manufacture) and sold it to a manufacturer of helmets. Defendant also alleges that there are other uses for webbing in a helmet besides use as chin straps. There is no showing of any negligence on defendant's part. The effort is made to hold defendant on the strict products liability theory. *Codling v Paglia* (32 NY2d 330) which established the rule of strict products liability, imposed that liability (p 342) on the "manufacturer of a defective product." I am not at all clear that the law has been extended to the point of holding an intermediate nonmanufacturer seller of a component material liable to a third-party purchaser of a finished product. (See *Goldberg v Kollsman Instrument Corp.*, 12 NY2d 432, 437; cf. *Mead v Warner Pruyn Div., Finch Pruyn Sales*, 57 AD2d 340; *Velez v Craine & Clark Lbr. Corp.*, 33 NY2d 117.) Passing that point, however, there is still the question whether there is any proof to support the claimed underlying facts on which plaintiff relies. "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and

reveal his proofs, in order to show that the matters set up in his [pleading] are real and are capable of being established upon a trial. \*\*\* An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded" *(Di Sabato v Soffes,* 9 AD2d 297, 301; accord *Zuckerman v City of New York,* 49 NY2d 557, 560, 563). "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" *(Indig v Finkelstein,* 23 NY2d 728, 729). Plaintiff has completely failed to meet his obligation in opposing the motion for summary judgment. All that plaintiff has interposed is an affidavit by an attorney without personal knowledge of the facts, which has some supporting documents showing only that defendant sold some webbing to a particular helmet company. (There is not even an affidavit on plaintiff's behalf that there even was an accident or that somehow his helmet was involved.) More importantly, nowhere is there any affidavit or statement by plaintiff or on plaintiff's behalf that the webbing was defective or that the webbing broke. Even assuming that something was the matter with the chin straps — a fact that we are asked to assume from the complaint and not from affidavits — there is nowhere, even in the complaint, any statement that there was anything the matter with the webbing. Assuming the webbing was part of the chin straps, it is perfectly possible, and nowhere excluded by plaintiff's proofs, that the chin straps were improperly fastened to the helmet, or that they were too loose. (In a companion action in the Federal court, plaintiff is suing, among other defendants, certain manufacturers of snaps and rings for helmets.) Some facts may not be within plaintiff's knowledge; some surely are. Plaintiff presumably had and has possession of the helmet. Surely the facts as to what is the matter with the helmet are within plaintiff's knowledge and there is no reason why we do not have an affidavit stating the facts within plaintiff's knowledge as to the helmet, the chin straps, and the webbing. As I have indicated, plaintiff has another action pending in the Federal court against a number of defendants. This looks like the not unusual situation in which plaintiff's objective is to hold as many defendants in the case as possible so that when settlement discussions come around each defendant (having already spent several thousand dollars in defense) can be asked to "kick in" a few thousand more towards an over-all settlement rather than spending more on a trial. In this connection, it is interesting that in the only affidavit in opposition to the motion, that of plaintiff's attorney, he suggests that the defendant should implead another party who in turn can implead the manufacturer.