**FASHION NOVELTY CORPORATION OF NEW JERSEY and United Textile Corporation, Plaintiffs,**

v.

**COCKER MACHINE AND FOUNDRY COMPANY, Defendant.**

**Civ. A. No. 930–68.**

United States District Court,
D. New Jersey.

Sept. 17, 1971.

## MEMORANDUM OPINION and ORDER

LACEY, District Judge:

These matters come on by way of motions by the defendant to dismiss the amended complaint of one of the plaintiffs, United Textile Corporation. Plaintiffs sue for damages, direct and consequential, allegedly sustained by them, resulting from defective machinery and equipment purchased by them from the defendant, and thereafter used by them in their business.

Action was originally commenced solely by the plaintiff Fashion Novelty Corporation of New Jersey (Fashion) by complaint filed September 13, 1968. Pursuant to order entered on July 8, 1971, the complaint was amended to add United Textile Corporation (United). United, it appears, is substantially an *alter ego* of Fashion.[1] Presumably it was recently discovered that while Fashion was the nominal purchaser of the machinery in suit, it was actually United which utilized it. The control of Fashion and United is in the same hands and at the same facility, and management apparently operates, and has operated, both corporations as one with no discernible distinction between them as to officers, policies, facilities, sales or production.[2]

The defendant now addresses various motions to the amended complaint, as follows:

1. Motion to dismiss as to United for the reasons (a) that the amended complaint was served by United's attorney (already of counsel in this proceeding as attorney for Fashion); (b) without a summons; and (c) upon defendant's attorney and not the defendant itself.

Marshall, Bratter, Greene, Allison & Tucker by Michael Graham, New York City, Citrino, Carella & Balsam, Nutley, N. J., for plaintiffs.

Greene & Orloff by Israel B. Greene, Newark, N. J., for defendant.

---

1. Both the original and amended complaints contain the identical allegations of breach of warranty with respect to the same knitting machines. The most significant change is reference to "the Fashion/United business entity", instead of Fashion alone, as the party sustaining damages.

2. See Amended Complaint, ¶ 6. On these motions the allegations of the Amended Complaint are accepted as true. Young v. I. T. & T., et al., 438 F.2d 757, 758 (3 Cir. 1971). Murray v. City of Milford, 380 F.2d 468, 470 (2 Cir. 1967).

Basic to these motions is defendant's contention that, while nominally an "amended complaint", the assailed pleading is in reality an "original complaint" insofar as plaintiff United is concerned, being the first pleading served by it. Defendant then argues that service thereof should have been made by a United States Marshal (F.R.Civ.P. 4(c)), with summons (F.R.Civ.P. 4(d)), and upon defendant itself pursuant to F.R. Civ.P. 4(d) (3). The pertinent Rules read as follows:

"4(c) By Whom Served. Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose * * *.

"4(d) Summons: Personal Service. The summons and complaint shall be served together. * * *

"(3) Upon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent * * *."

F.R.Civ.P. 5(a) and (b) provide:

"(a) * * * every pleading subsequent to the original complaint * * * shall be served upon each of the parties. * * *

"(b) * * * whenever under these rules service is required * * * to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. * * *"

The amended complaint clearly is "subsequent to the original complaint" and thus falls squarely within the quoted provisions of Rule 5. Were it intended otherwise, the draftsmen of the Rules could and would have obviously provided therefor, by requiring for example that where a complaint was amended to add a new party plaintiff, the new pleading "shall be served * * * in the manner provided for service of summons in Rule 4." [3]

The requirement that the summons accompany the "original complaint" is also significant: it is at this point that the court acquires jurisdiction over the person of the defendant. 2 Moore, Federal Practice, ¶ 4.03 at 961 (1970). Jurisdiction here having been acquired over the defendant when the "original complaint" was served with summons, there is no requirement that it be reasserted by a second summons.

Moore, *supra*, ¶ 5.04 [1] at 1327, discusses when, under Rule 5(a), a new pleading must be served on a party (not the attorney), accompanied by summons:

" * * * a 'pleading subsequent to the original complaint' which asserts a claim for relief against a person over whom the court has not at the time acquired jurisdiction, such as an answer containing a counterclaim by a defendant against the plaintiff and another person who is not a party or a third-party complaint containing a claim against a person who is not already a party, must be served upon such person not a party along with a copy of a summons * * *."

Moreover, service of the amended complaint upon defendant's counsel was not only within the letter of Rule 5(a), but in keeping as well with its spirit:

"Service on the attorney in this context is consistent with the basic theory of Rule 5 that service of papers on the attorney, rather than the party, will expedite the adjudication of the case on the merits and, at the same time, constitute sufficient notice to the party to comply with the requirements of Due Process." 4 Wright and Miller, Federal Practice and Procedure, § 1146, at 586.[4]

3. Thus Rule 5(a) also provides: " * * * No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

4. *Cf.* Lasch v. Antkies, 161 F.Supp. 851, 852 (E.D.Pa.1958).

The position taken by defendant is hardly consistent with F.R.Civ.P. 1:

> "These rules * * * shall be construed to secure the just, speedy, and inexpensive determination of every action."

Recent judicial pronouncements are not helpful to defendant's cause on these motions, underscoring as they do the need for a liberal and generous application of the spirit of the Federal Rules to the end that justice is done. In Snoqualmie Tribe of Indians v. United States, 372 F.2d 951, 178 Ct.Cl. 570 (1967), plaintiff Tribe was allowed to amend its petition and represent an additional group before the Indian Claims Commission. The Court of Claims, in discussing the liberal application of Rule 15(c), expressed its opinion that it is:

> " * * * Consistent with the goal of modern procedure to lessen the perils of pleading. By rejecting the formalistic requirements of the old 'cause of action' in favor of an approach which focuses on a claim for relief and its underlying 'aggregate of operative facts,' rule 15(c) assures that the rights of the parties to a transaction or occurrence can be determined without being disrupted or extinguished by a pleading technicality." 372 F.2d at 960, n. 5.

Similarly, in Travelers Indemnity Co. v. United States, 382 F.2d 103 at 105 (10 Cir. 1967), the court stated:

> "* * * We believe the philosophy underlying the federal rules is well expressed by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957) and is controlling: 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a decision on the merits.' This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Copeland Motor Co. v. General Motors Co., 199 F.2d 566 (5th Cir. 1952). Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. Thus the reasons amendments are to be granted freely as justice requires * * *."

It follows as well that there was no necessity for service of the amended complaint by the Marshal.

Accordingly, these motions are denied.

2. Motion to dismiss as to United's claim for damages for two of the machines on statute of limitations grounds.

Defendant contends that United's claim, asserted in the amended complaint, should be dismissed as to two of the machines which, it is argued, were sold and delivered by the defendant more than four years prior to the filing of said amended complaint on July 20, 1971, thus being barred by the applicable New Jersey Statute of Limitations. N.J.S.A. 12A:2-725.

The cited New Jersey statutory period does apply in this diversity action. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Natale v. Upjohn Co., 356 F.2d 590 (3 Cir. 1966); see also Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Neifeld v. Steinberg, 438 F.2d 423 (3 Cir. 1971); Marshall v. George M. Brewster & Son, Inc., 37 N.J. 176, 180 A.2d 129 (1962).[5] Also

---

5. Counsel are referred to Bogacki v. A.M. F., 417 F.2d 400, 403 (3 Cir. 1969), n. 2: " * * * The parties approached the case at bar as if Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1477, 85 L.Ed. 1020 (1941) had never been written. See Campbell Soup Co. v. Wentz, 172 F.2d 80, 81 (3 Cir. 1948). We will apply the law of the forum. * * *"

though not free from dispute, defendant's contention as to when the equipment was sold will be accepted for purposes of this motion. Nonetheless, even thus aided, defendant cannot prevail on this phase of its motion.

F.R.Civ.P. 15(c) provides as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Plaintiff argues that the "relation back" principle, applicable only to defendants by Rule 15(c), operates as well in its favor as a plaintiff. We agree.

Thus one of the Committee which worked on the 1966 Rules revision has written [Kaplan, "Continuing Work of the Civil Committee, 1966 Amendments of the Federal Rules of Civil Procedure (1)," 81 Harv.L.Rev. 356, 410 (1966)]:

"Amended Rule 15(c) speaks of corrections of defendants, not plaintiffs. Relation back in the latter cases should present less serious problems, for the very defendant has here been notified of a claim in a timely and formal manner at the outset of the litigation, and so put on his guard * * *."

In a like vein is the Advisory Committee Report on the amendments to Rule 15(c) (3 Moore, supra, ¶ 15.01(9), at 811):

"The relation back of amendments changing plaintiffs is not expressly treated in Revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15 (c) toward change of defendants extends by analogy to amendments changing plaintiffs. * * * "

Moore does caution where a new plaintiff is added (3 Moore, supra, ¶ 15.15 [4–2], at 1051):

" * * * Sufficient identity of interest between the original and new plaintiffs would have to be shown, so that the assertion of a wholly new cause of action is not sanctioned * * *."

Moreover, the "relation back" rule of law had been applied even prior to 1966 (when Rule 15(c) did not provide for adding party defendants). See Aarhus Oliefabrik A/S v. A. O. Smith, 22 F.R.D. 33 (E.D.Wis.1958); 3 Moore, supra, ¶ 15.08 [5], at 923; and ¶ 15.15 [4.–1], at 1043.

Thus, in De Franco v. United States, 18 F.R.D. 156 (S.D.Cal.1955), plaintiff was allowed to amend his complaint to join as parties plaintiff additional members of his partnership. Relation back, notwithstanding the bar of the statute of limitations, was allowed. In that opinion, Judge Carter noted, in language applicable to the instant case (18 F.R.D. at 160):

" * * * The primary function of the complaint is to notify the person against whom relief is sought of the claim or cause of action asserted; thus where the 'defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist,' New York Central & H. R. R. v. Kinney, 1922, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L. Ed. 294, and an amendment should be allowed."

For the reasons that (a) there is virtual identity between the original plaintiff Fashion, and United, the plaintiff through the amended complaint; and (b) there appears to be no prejudice to defendant in permitting "relation back" where, as here, the claims asserted in the amended complaint are the same as those pressed originally, this motion to dismiss is denied.

3. Motion to dismiss as to United's claims, based upon breach of warranty, by reason of lack of privity between United and the defendant, defendant having sold the equipment in suit to Fashion, not United.

Defendant first urges, in support of this motion, that lack of privity bars recovery for property damage and consequent economic loss except as allowed by N.J.S.A. 12A:2–318 (Art. 2–318 of the Uniform Commercial Code), which extends a warranty to "natural persons" under certain circumstances, not to corporations, and therefore not to plaintiff United.

Defendant overlooks, however, that § 318 "is not intended * * * to restrict" development of the law on seller's warranties (Comment 3 to § 318), and that the "* * * warranty sections * * * are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such contracts." (Comment 2, N.J.S.A. 12A:-2–313).

■ Reviewing the state decisional law of New Jersey (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1938]), there emerges in bold relief the now well settled principle that the New Jersey courts have extended warranty protection—in the absence of privity—to classes of persons and to transactions well beyond those comprehended by the Uniform Commercial Code. More specifically, damages for breach of warranty are now recoverable by an ultimate user who has sustained property damage and economic loss; and who has come into possession of the defective goods by means other than by sale and purchase. In Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965), where the Supreme Court of New Jersey held that the abandonment of the privity requirement in cases involving personal injuries applies as well where the damage alleged is of an economic nature, Justice Francis stated (44 N.J. at 59, 207 A.2d at 308):

"There is no doubt that the great mass of warranty cases imposing liability on the manufacturer regardless of lack of privity were concerned with personal injuries to the ultimate consumer. See Henningsen, *supra* (32 N.J., at pp. 372, 379–384),(161 A.2d 69); Goldberg v. Kollsman Instrument Corporation, 12 N.Y.2d 432, 240 N.Y. S.2d 592, 191 N.E.2d 81 (Ct.App. 1963); Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal. Rptr. 697, 377 P.2d 897 (Sup.Ct.1962); Jaeger, 'Privity of Warranty: Has the Tocsin Sounded?,' 1 Duquesne L. Rev. 1 (1963); Jaeger, 'Warranties of Merchantability and Fitness for Use: Recent Developments,' 16 Rutgers L. Rev. 493 (1962); Prosser, 'The Assault Upon the Citadel (Strict Liability to the Consumer),' 69 Yale L.J. 1099 (1960). But we see no just cause for recognition of the existence of an implied warranty of merchantability and a right to recovery for breach thereof regardless of lack of privity of the claimant in the one case and the exclusion of recovery in the other simply because loss of value of the article sold is the only damage resulting from the breach."

The theory of the courts in New Jersey is to place an enterprise liability upon a manufacturer; so that a manufacturer is liable for defective products which it has placed into the channels of trade, and this irrespective of the relationship, if any, between the manufacturer and the aggrieved party. The courts do not concern themselves with

the destination of the goods in question, rather they tend to focus strictly upon the manufacturer who is responsible for the defective product. The attitude of the courts is expressed in Rosenau v. City of New Brunswick, 51 N.J. 130, at 140, 238 A.2d 169, at 174 (1968), where the court noted:

> "* * * In recent years we have broadly recognized, as many courts have elsewhere, that where manufacturers make and distribute defective products they may justly be held accountable for injuries proximately resulting to persons or properties, despite absence of privity or showing of negligence. See Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69 (1960); Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965); Schipper v. Levitt & Sons, Inc., 44 N.J. 70, 207 A.2d 314 (1965). * * *"

*See also*, Newmark v. Gimbel's Inc., 54 N.J. 585, 258 A.2d 697 (1969), and Cintrone v. Hertz Truck Leasing & Rental Service, 45 N.J. 434, 212 A.2d 769 (1965), which extend relief for breach of warranty beyond the traditional sales transaction.[6]

At this juncture of the proceedings, there being nothing to indicate that United's use of the allegedly defective equipment is by virtue of any other than lawful possession, United stands a user entitled to the relief afforded by the law of New Jersey for breach of implied warranties, and this irrespective of any lack of privity between United and defendant.

This motion therefore is denied as well.

6. Newmark v. Gimbel's Inc., *supra*, involved a "service", wherein the patron of a beauty parlor could hold both the beauty parlor management, as well as the manufacturer of a setting lotion, liable for a breach of an implied warranty even though there was not a "sale" to the patron.

Cintrone v. Hertz, *supra*, involved a lease of a truck wherein an employee of the lessee of trucks was able to hold the lessor of the truck in which he was riding liable for a breach of an implied warranty.