**Doris YORDEN, Administratrix of the Estate of Samuel Reed, Deceased, and Miriam Reed, in her own right, Plaintiffs,**

**v.**

**Irving FLASTE, Defendant.**

**Civ. A. No. 3925.**

United States District Court,
D. Delaware.

April 11, 1974.

---

John G. Siegle, Siegle, Scallan, March & Berman, Media, Pa., and Garry G. Greenstein, Knecht, Greenstein & Berkowitz, Wilmington, Del., for plaintiffs.

Roger P. Sanders, Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

This case raises questions which go to the heart of the philosophy behind the Federal Rules of Civil Procedure and tests the concept of notice pleading and the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Doris Yorden, Administratrix of the Estate of Samuel Reed, and Miriam Reed, his alleged common-law wife, brought this action against Irving Flaste alleging that on November 13, 1968, while negligently operating his motor vehicle, he struck and severely injured Samuel Reed. They further allege that Mr. Reed died on September 19, 1969, as a result of those injuries. Jurisdiction is based on diversity of citizenship.

The Complaint sets forth two causes of action: a survival action seeking damages suffered by the decedent prior to his death; and a wrongful death action seeking damages suffered by his widow. Plaintiffs mistakenly rely on the Delaware Wrongful Death Statute (10 Del.C. § 3704) to support both causes of action.

Following an initial period of discovery, Defendant moved for summary judgment contending that, under 10 Del.C. § 3704(b),[1] the decedent's widow is the proper party to bring a wrongful death action and that Samuel Reed's widow is not Miriam Reed, as alleged, but Mayrene Reed, whom the Decedent had legally married in April, 1924. In an opinion filed June 11, 1973, the Court declined to grant Defendant's motion on the ground that Mayrene Reed was presumably still married to Samuel Reed and that, as she lived nearby, her deposition should be taken and all other evidence bearing on her marital status gathered in order to determine whether she was the legal widow of decedent.

The parties have pursued this matter and the Defendant has renewed his motion. Plaintiffs, rather than contest the motion, have conceded the underlying facts and seek instead to amend their complaint[2] to substitute as plaintiff Allan Getson, Guardian of Mayrene Reed.[3]

1. 10 Del.C. § 3704(b) provides: "Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her lifetime, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

2. In their motion, Plaintiffs state that they "are convinced that they lack capacity under the law to bring a survival and wrongful death action, and that the incompetent, Mayrene Reed, does have such capacity. . . ."

3. Mayrene Reed was adjudicated an incompetent on July 16, 1973, in the Orphans' Court Division of the Court of Common Pleas of

Plaintiffs' motion is ill-advised. While Allan Getson, Guardian of Mayrene Reed, may be the proper person to maintain the wrongful death action, Doris Yorden, the Executrix, is the proper person to bring the survival action.

Mr. Reed's cause of action survives his death under 10 Del.C. § 3701[4] and passes to his administratrix, 10 Del.C. § 3707.[5] The fact that the Plaintiffs mistakenly relied on the wrongful death statute to support both actions makes no difference. Rule 54(c) states that, except for a judgment by default, a party is to be granted any relief to which he is entitled even though he has not demanded it.

Doris Yorden's motion to drop herself as plaintiff in the survival action will be

denied. See, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

We now turn to Miriam Reed's motion to withdraw and have Allan Getson, Guardian of Mayrene Reed, joined as the proper party to bring the wrongful death action. While the Defendant agrees that Mr. Getson is the proper party to bring the action, he opposes the substitution and contends that it sets up a new claim which is barred by the relevant 2 year statute of limitations. 10 Del.C. § 8106A.[6] The question presented is whether the motion should be granted and allowed to relate back pursuant to Rule 15(c).

Rule 15(c) deals with the relation back of amendments, including those changing parties.[7] It should be read to-

---

Philadelphia County, Pennsylvania. Allan Getson was appointed Guardian of her estate.

4. 10 Del.C. § 3701 provides:
All causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all actions, so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. This section shall not affect the survivorship among the original parties to a joint cause of action.
See, Gwaltney v. Scott, 195 A.2d 247 (Del. S.Ct.1963) (holding action for negligence survives to administrator) ; Coulson v. Shirks Motor Express Corp., 9 Terry 561, 107 A. 2d 922 (Del.Supr.1954) (finding that, as a result of 1949 amendment to the Delaware Survival Statute, right of action accrued to the deceased in his lifetime continues in his administrator) ; and Lunn v. United Aircraft Corp., 182 F.Supp. 12 (D.Del. 1960). (Finding: "Prior to 1949 . . . a cause of action for personal injuries did not survive the death of the injured person where no suit had been brought by such person; that by the present law, 10 Del.C. § 3701 . . . the action for personal injuries does survive." 182 F.Supp. at 14).

5. 10 Del.C. § 3707 provides: "A statutory right of action or remedy against any officer or person in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be

specifically restricted in the statute." A negligence action survives to the Administrator, Gwaltney v. Scott, 195 A.2d 247 (Del.S. Ct.1963), Bennett v. Andree, 252 A.2d 100 (Del.Supr.1969).

6. 10 Del.C. § 8106A provides: "No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."

7. There is some question whether a party who cannot herself maintain a cause of action has the right to amend her complaint to substitute a party who can, much less have the amendment relate back. In Schwartz v. The Olympic, Inc., 74 F.Supp. 800 (D.Del. 1947), Judge Leahy denied such a motion. "Plaintiff also seeks to amend his complaint to bring in other parties plaintiff. If he cannot maintain his own complaint, he has no right to amend it. The complaint should be dismissed." 74 F.Supp. at 801.
For a number of reasons, *Schwartz* is not controlling. First, it is well recognized that individuals who have brought an action in the wrong capacity are permitted to amend their complaint to sue in the proper capacity. Echevarria v. Texas Co., 31 F.Supp. 596 (D.Del.1940). Second, Rule 15 has been interpreted as permitting an amendment which adds a new plaintiff where, the person offering the amendment, while having a different valid claim, could not maintain the cause which the *added party can*. See, Williams v. United States, 405 F.2d 234 (5th Cir. 1968) (upholding amendment bringing plaintiff's mother's claim for damages) ; Hockett v. American · Airlines, Inc., 357 F.

gether with the general provision in Rule 15(a) that leave to amend shall be freely given when justice so requires. Essentially, it provides that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment will relate back to the date of the original pleading.[8] The rule was amended in 1966 to indicate more clearly when an amendment changing a party should be allowed to relate back. While the new portion refers to an amendment changing the party against whom a claim is asserted, the Advisory Committee Notes make it clear that it is equally applicable to an amendment changing a plaintiff.[9]

Notwithstanding the changing party language of the rule and the accompanying Advisory Committee Note, some of the cases contain general language to the effect that relation back will not apply to an amendment that substitutes or adds a new party for those named in the earlier timely pleadings. See, e. g., Longbottom v. Swaby, 397 F.2d 45 (5th Cir. 1968) and Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479 (6th Cir. 1973). Such amendment is said to assert a new cause of action and if allowed to relate back would defeat the purpose of the statute of limitations.[10] See, Moore, Federal Practice 15.15 [4.–1] and cases cited therein.

Supp. 1343 (N.D.Ill.1973) (permitting amendment adding wife's claim for consortium). Third, Judge Leahy's decision is distinguishable as having been decided prior to the recent amendments to Rule 15 and, perhaps, turning more on Rule 21 and the joinder of parties. See, e. g. National Maritime Union of America v. Curran, 87 F.Supp. 423 (D.N.Y.1949) (where Judge Kaufman suggests as much). Finally, in Bullock v. Sinclair Refining Company, 160 F.Supp. 300 (D.Pa.1958), Judge Van Dusen faced just such a second widow problem and permitted the amendment (though there was no statute of limitations problem).

8. Rule 15(c) provides in relevant part:

Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

9. "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the

attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Federal Rule of Civ. Procedure 15(c) Advisory Committee's Note; 39 F.R.D. 82, 83–84 (1966). See, Hockett v. American Airlines, 357 F. Supp. 1343 (N.D.Ill.1973) and Fashion Novelty Corp. of N. J. v. Cocker Mach. and FDRY Co., 331 F.Supp. 960 (D.N.J.1971) (both cases rely on Rule 15(a) and the Committee Notes as authority to add plaintiffs and permit amendments to relate back).

10. "The effect of Plaintiff's amendment is to add another party. This establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." United States v. Western Casualty & Surety Company, 359 F.2d 521 (6th Cir. 1966).

For a discussion of the difficulty in applying this new cause of action test, see, Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments, 57 Minn.L. Rev. 83, 1972. In a well-reasoned opinion, De Franco v. United States, 18 F.R.D. 156 (S.D.Cal.1955), Judge Carter suggests that "the 'cause of action' is the wrong done, . . . [citations omitted] and the important part of the law is that which creates the right of action and not that which provides who may enforce it." 18 F.R.D. at 160.

This new cause of action approach parallels the problem which developed in the general application of Rule 15(c) and the relation back of amendments. The Rule as adopted in 1938 and revised in 1966 was designed to avoid this type of analysis. See, Moore Federal Practice at 15.15 [3].

However, there have developed a number of exceptions to this general rule. In one set of exceptions the parties before the court remain the same and the amendment merely changes the capacity in which they sue or corrects a misnomer in the complaint.[11] In another group of cases, parties are allowed to substitute other parties where: (1) the moving party can show an identity of interest between the new and former party,[12] e. g. parent and subsidiary; (2) the joined defendant's bad faith conduct is held to estop his objection;[13] and (3) the court looks upon the joinder as a correction of counsel's error.[14]

Those courts which accept this general rule against the joinder of new parties apply a restrictive construction of the Rule 15(c) reference to "an amendment changing" a party.[15] However, the Advisory Committee Note seems to reject this restrictive construction.[16] "Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (*including* an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading." (Emphasis added.) 39 F.R.D. at 82.

The problem is the tension between the Rule 15 relation back provisions and the statute of limitations.[17] As one court has recently indicated, the courts which apply the general rule against the joinder of parties often fail to deal with this tension and instead use the test as a cover for circular analysis. Williams v. United States, 405 F.2d 234 (5th Cir. 1968).

In fact, Rule 15 has been carefully drafted to defer to the policies underlying such statutes. Those statutes compel the exercise of a right of action within a reasonable time so that: (1) a defendant will have a fair opportunity to prepare an adequate defense; (2) the defendant will be protected from the insecurity generated by the fear of litigation pending in perpetuity; (3) the judicial system will be free from stale claims; and (4) the marketplace will be free from the uncertainty of long pending and unsettled claims.[18] Theoretically, once the person has adequate notice that someone is attempting to set up a claim against him, the policy interests behind the statute of limitations are served and strict application of the statutory provisions is unwarranted.

11. Shapiro v. Paramount Film Distrib. Corp., 274 F.2d 743 (3rd Cir. 1960) (mistaken description), Kerner v. Rackmill, 111 F.Supp. 150 (M.D.Pa.1953) (recognizing misnomer) and Echevarria v. Texas Co., 31 F.Supp. 596 (D.Del.1940) (change in capacity).

12. Fashion Novelty Corp. of N. J. v. Cocker Mach. and FDRY Co., 331 F.Supp. 960 (D. N.J.1971) and Fidelity & Deposit Co. of Maryland v. Fitzgerald, 272 F.2d 121 (10th Cir. 1959) (bankrupt's surety).

13. Williams v. Pennsylvania R. Co., 91 F. Supp. 652 (D.Del.1950).

14. McDonald v. Chrysler Motors Corp., 27 F.R.D. 442 (W.D.Pa.1961).

15. See, Utah v. American Pipe & Const. Co., 50 F.R.D. 99 (D.Cal.1970) modified 473 F. 2d 580 (9th Cir. 1973), Murray B. Marsh Co. v. Mohasco, Inc., 326 F.Supp. 651 (D. Cal.1971), Anderson v. Phoenix of Hartford Ins. Co., 320 F.Supp. 399 (D.La.1970).

16. Hockett v. American Airlines, Inc., 357 F.Supp. 1343 (N.D.Ill.1973). See also,

Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments, 57 Minn.L.Rev. at p. 106.

17. The potential conflict between this Federal Rule and the state statute of limitations may raise an *Erie* problem. However, most courts faced with the *Erie* problem in applying Rule 15(c) have held that Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) controls and Rule 15(c) applies despite a conflicting state practice. See, Scalise v. Beach Aircraft Corp., 47 F.R.D. 148 (D.Del.1969), Newman v. Freeman, 262 F. Supp. 106 (E.D.Pa.1967).

Also, as Judge Steel notes in *Scalise*, Delaware has adopted the Federal Rules approach with respect to amendments which relate back (though not the 1966 amendment). See, Kwiatkowski v. Shellhorn & Hill, Inc., 201 A.2d 455 (Del.Super.Ct.1964).

18. Advisory Committee Notes, Federal Rule Civ.Pro. 15, 39 F.R.D. 82, 83 (1966).

Obviously, notice is the critical element in a 15(c) determination.[19] In finding whether the defendant has had adequate notice, the Rule sets out a two-part test. First, does the amendment arise out of the conduct, transaction, or occurrence set forth in the original pleading? Second, has the defendant had notice that the legal claim existed and, but for mistake, would have been brought by the party sought to be joined?

The emphasis in the first part of the test is on the operational facts which give rise to the claim. In this case, both claims arise from the same set of facts and the original pleading provided the Defendant with adequate notice that someone was attempting to set up a wrongful death action based on the injuries resulting to Samuel Reed from the accident on November 13, 1968.

Next, while it it true that the Defendant may not have discovered the existence of Mayrene Reed until after the running of the limitations period,[20] he did know that a wrongful death action was being asserted against him. And, having received such notice within the limitations period, he can show no real prejudice in the Court's granting the motion and allowing the amendment to relate back. Indeed, Defendant has had some difficulty attempting to show any

prejudice resulting from such action. He makes no allegation that he has not had an adequate opportunity to gather evidence and prepare his defense. There is no lost evidence nor any missing witness. While he argues that the measure of damages is different,[21] he can show no real prejudice from this.[22] The threshold question of liability remains the same; the burden of proof on the extent of damages is still on the Plaintiff. Finally, he contends that the prejudice in denying him the limitations defense is itself enough. As he states it, "the prejudice is obvious." And yet, by its very nature, whenever Rule 15 is used to permit an amendment to relate back, the opposing party is prejudiced. To put it bluntly, this analysis is of little help.

Here, we have on the one hand a Defendant who has had fair notice of the existence and nature of a cause of action against him and who has shown no prejudice to him other than the fact that the claim has become stale;[23] on the other hand, we have a mother and daughter who may have a valid claim against the Defendant and who, if Defendant's motion is granted, will lose their right to prosecute this claim due to delays not of their own making but to the somewhat less than diligent manner in which this case has been prosecuted to date.

19. Justice Holmes, in New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294 (1922) found that, where the "defendant has had notice from the beginning that plaintiff sets up and is trying to enforce a claim against it because of specific conduct, the reasons for the statute do not exist. . . ."

20. The Court's docket indicates that Mayrene Reed's deposition was not taken until October 22, 1973. Also, while the Court has asked counsel to brief the question whether Mayrene Reed's status as a mental patient tolls the statute of limitations (see, 10 Del. C. § 8115), there does not appear to be sufficient evidence to make a reliable finding. The present disposition of the pending motions renders such determination unnecessary.

21. In a wrongful death action, the widow's loss from the death of her husband is the

measure of damages. Bennett v. Andree, 252 A.2d 100 (Del.S.Ct.1969).

22. Cf. United States v. Templeton, 199 F. Supp. 179 (E.D.Tenn.1961) (finding an increase in damages is not a new cause of action).

23. Williams v. United States, 405 F.2d 234 (5th Cir. 1968) (allowing Plaintiff to amend to bring in mother's claim for damages); Hockett v. American Airlines, Inc., 357 F. Supp. 1343 (N.D.Ill.1973) (allowing wife's claim for consortium to be added and relate back); cf. Missouri, K and T Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913) (upholding an amendment which permitted plaintiff to sue as a personal representative rather than in her individual capacity) and Staggers v. Otto Gerdau Company, 359 F.2d 292 (2nd Cir. 1966) (allowing amendment to add new Plaintiff one year after the death of the original plaintiff).

Under the circumstances, it is my judgment that the amendments will be permitted to relate back pursuant to Rule 15(c).

Plaintiffs' motion to amend is granted. Defendant's motion for summary judgment is denied.

Submit order.