**Ronda Lynn MURRAY et al., Plaintiffs,**

v.

**William L. JAMES et al., Defendants.**

Superior Court of Delaware,
New Castle.

Sept. 17, 1974.

Ben T. Castle, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs Murray and Bryant.

B. Wilson Redfearn, Tybout, Redfearn & Schnee, Wilmington, for plaintiff Providence Washington Ins. Co.

Warren B. Burt, Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

TAYLOR, Judge.

This action was brought by Ronda Lynn Murray and Ethel Bryant, who were the driver and passenger involved in an automobile accident, and Providence Washington Insurance Company, insurance carrier for plaintiff Ronda Lynn Murray. Providence Washington Insurance Company seeks to recover as a subrogated insurer under the no-fault insurance law. Defendants are the driver of the other vehicle involved in the automobile collision, his employer, and their insurance carrier. Defendants have moved for judgment on the pleadings with respect to the claim of plaintiffs for medical expenses, lost wages and damage to the automobile, Providence Washington Insurance Company's claim for subrogation, and the claim against defendant Selected Risks Insurance Company based upon its refusal to pay for plaintiffs' injuries and damages.

Issues involving the question of whether under the no-fault insurance law a claim by the subrogated insurer can be

combined in the same trial with the claim by an injured person have been considered and ruled upon by this Court in an Opinion dated September 16, 1974, in DeVincentis v. Maryland Casualty Company; De-Vincentis v. Cloud, Del., 325 A.2d 610. In accordance with the Opinion in *De-Vincentis*, the Court holds that neither public policy nor the no-fault insurance law prevents concurrent trials of the claim of the injured party for general damages and the claim of the subrogated insurer for special damages.

There is one further question under this subject involved in this case, namely, whether the subrogated insurer may proceed in its own name. The modern view, which is embodied in Rule 17(a) of the Civil Rules, Del.C.Ann., of this Court is that actions should be brought in the name of the real party in interest. Prior to adoption of the no-fault insurance law, subrogated tort claims where the real party in interest was an insurance company were treated as an exception to this rule because of the policy that the existence of insurance should not be revealed to the jury. Steenburg v. Braunstein, Del.Super., 6 Terry 588, 77 A.2d 206 (1950); Malone Freight v. Johnson Motor, Del.Super., 2 Storey 286, 156 A.2d 788 (1959); Catalfano v. Higgins, Del.Supr., 188 A.2d 357 (1962). The decision in *DeVincentis* concluded that this is no longer a persuasive consideration. Accordingly, I find that the requirements of Rule 17(a) apply, and, therefore, the subrogated insurer may proceed in its own name.

The joinder is permitted here by virtue of Civil Rule 20 of this Court, since the facts of the accident are common to both claims.

The remaining issue is whether defendants' insurer is a proper party to this action. Neither side has submitted any authority in support of its position. The complaint asserts no contractual basis or other factor which would take this claim outside of the general rule which precludes the joining of the tort-feasor and his liability insurer in the same action. 44 Am. Jur.2d § 1575. Accordingly, the action is dismissed as to defendant Selected Risks Insurance Company, with leave for plaintiff to file any appropriate amendment to the complaint setting forth a proper action against that defendant within ten days from this Order.

The motion of defendants James and Villa Provisions, Inc. for judgment on the pleadings is denied.

It is so ordered.