**Marc C. GARR, Plaintiff,**

v.

**John O. CLAYVILLE, Defendant.**

**Civ. A. No. 75–17.**

United States District Court,
D. Delaware.

June 22, 1976.

John S. Grady, of Bader, Dorsey & Kresthtool, Wilmington, Del., for plaintiff.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant.

## OPINION

SCHWARTZ, District Judge.

This is an automobile negligence action, based on diversity jurisdiction, in which plaintiff Marc Garr seeks damages for injuries resulting from a collision between his car and a tractor-trailer driven by defendant John O. Clayville. Presently before the Court are two motions, one by plaintiff Garr seeking to amend his complaint, and the other by the Home Indemnity Company, plaintiff's automobile insurer, seeking to intervene as a plaintiff. The motions arise from the background detailed below.

The accident occurred in Delaware on August 2, 1973. Plaintiff's complaint was filed on January 22, 1975—well within the two year statute of limitations established for personal injury actions by 10 Del.C. § 8119. On February 28, 1975, within twenty days of filing his answer, the defendant amended it to challenge by way of affirmative defense a portion of plaintiff's complaint which sought recovery of certain medical expenses allegedly incurred as a consequence of his injuries. Subsequently, on May 13, 1975, still within the statute of limitations, Garr and Clayville filed a stipulation amending the complaint to delete all claims "for special damages recoverable by the plaintiff from his own insurer pursuant to 21 Del.C. § 2118. . . ." Somewhat inexplicably, the insurer, The Home Indemnity Company, did not attempt to participate in the case until three months after the statute of limitations expired, when it filed a pleading styled "Motion to Intervene." Defendant promptly notified the Court that he opposed Home Indemnity's motion on the grounds that it was barred by Delaware's two year statute of limitation.

In support of Home Indemnity's intervention motion pursuant to Fed.R.Civ.P. 24, Home Indemnity's attorney, who also represents the plaintiff, has conceded that the facts of this case are most apposite to those generally arising in a Fed.R.Civ.P. 15 context and has asked the Court to treat the motion, in the alternative, as an attempt by plaintiff Garr to amend his complaint pursuant to Rule 15. The defendant in his letter-memorandum opposes the insurer's Rule 24 motion and has further argued against any amendment by plaintiff pursuant to Rule 15. No discussion of the parties' contentions under Rule 24 will be necessary in light of the Court's treatment of the matter under Rule 15 as a motion to amend the complaint to add Home Indemnity, his subrogated insurer, as a plaintiff.

Delaware's mandatory "no-fault" automobile insurance statute, 21 Del.C. § 2118, can readily be pinpointed as the source of the apparent confusion which has placed this case in its present procedural posture. The practical effect of that statute is to prohibit insured plaintiffs from attempting to recover compensation for medical expenses or lost earnings from alleged tortfeasors in automobile negligence actions. 21 Del.C. § 2118(a)(2), (g). Instead, the statute mandates that the proper plaintiffs for such damages are insurers such as Home Indemnity who are "subrogated to the rights . . . of the person for whom benefits are provided . . ." under 21 Del.C. § 2118(f). The existence of this statutory scheme explains the acquiescence of plaintiff Garr to the defendant's affirmative defense challenging his right to assert a claim for special damages, and undoubtedly underlies the present attempt to amend the complaint to reflect Home Indemnity's subrogated claim for such damages.

■ The injunction of Rule 15 that leave to amend "shall be freely given when justice so requires" is recognized. However, the present question involves something more than a pro forma amendment meriting reflexive approval by the Court. Here, Garr and Home Indemnity are seeking to amend Garr's complaint to add Home Indemnity as a plaintiff and avoid Delaware's applicable two year bar through use of Rule 15(c)'s provisions for "Relation Back of Amendments."[1] Whether they may be permitted to do so is a question of federal practice governed solely by federal law. *Loudenslager v. Teeple*, 466 F.2d 249, 250 (3d Cir. 1972); *Yorden v. Flaste*, 374 F.Supp. 516, 520 n.17 (D.Del.1974); 3 J. Moore, Federal Practice ¶ 15.02[3], 15.15[2].

■ Addition of a party plaintiff does not prevent relation back. While the literal terms of the Rule speak of relation back of amendments adding new defendants, it is generally construed as sanctioning the addition of plaintiffs in analogous circumstances.[2] *Yorden v. Flaste, supra* at 519–520;

1. Fed.R.Civ.P. 15 provides in pertinent part:
   "(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

   \* \* \* \* \* \*

   "(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action

   against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . ."

2. The Advisory Committee Note of 1966 to Rule 15(c) specifically contemplates this construction, noting its relevance to Rule 17's concept of a real party in interest:
   "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated." 39 F.R.D. 82, 83–84 (1966).
   *Martz v. Miller Bros. Co.*, 244 F.Supp. 246 (D.Del.1965) and *Messelt v. Security Storage*

*Fashion Novelty Corp. v. Cocker Mach. & Fdry. Co.*, 331 F.Supp. 960, 964–65 (D.N.J. 1971); 3 J. Moore, *Federal Practice* ¶ 15.-15[4.–2] at 1051–1052; Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I)*, 81 *Harv.L.Rev.* 356, 410–11 (1967). *See also Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1258 and n.11 (D.Del.1975).

■ The controlling criteria in determining whether to allow an amendment seeking to add a party plaintiff and relate back under Rule 15(c) to the date of the original complaint to avoid the statute of limitations are: 1) Whether the defendant has received adequate notice of the claim of the additional plaintiff, 2) whether the relation back of such an amendment would unfairly prejudice the defendant in defending against the additional plaintiff and 3) whether there is an identity of interest between the original plaintiff and the proposed additional plaintiff. *See generally* 12 ALR Fed. 233—Pleading—Amendment—Relation Back.

### A. *Adequate Notice and Prejudice*

A key factor is notice—if the adverse party has had sufficient notice of the disputed occurrence and the related institution of legal action so as to obviate any prejudice which might arise from the assertion of the new plaintiff's claim, then the amendment may be allowed.[3] In the instant matter, the original complaint actually asserted, *inter alia*, those elements of damages now sought by Home Indemnity. Under that circumstance and with no hint that defendant suffered any prejudice by reason of the six month interval during which special damages payable by Home Indemnity to plaintiff were not asserted against defendant, it is concluded defendant had adequate notice and would suffer no prejudice if the amendment related back.

### B. *Identity of Interest*

Addition of a plaintiff is permissible where the plaintiff sought to be added is closely identified with the original plaintiff and seeks to assert a claim so close to that of the original plaintiff, that it is clear no prejudice arises even if technically a new cause of action is being asserted. Thus, courts have found no prejudice and, as a consequence, permitted amendments changing or adding plaintiffs in several types of cases in which the old and new plaintiffs shared closely aligned interests.[4]

Situations involving subrogor-subrogee relationships including ones where the subrogee could have been described as a "real party in interest" pursuant to Rule 17[5]

Co., 14 F.R.D. 507 (D.Del.1953)—both cited by defendant—seem to reflect a contrary interpretation of Rule 15(c). The subsequent revision of the Rule and the Advisory Committee Note which accompanied it have cast doubt upon these cases' analyses, especially in light of later case law. See Wright & Miller, *Federal Practice and Procedure*, § 1498 at 509 n.92 (*Messelt* has no precedential value in light of 1966 amendments).

3. *Yorden v. Flaste*, 374 F.Supp. 516, 521 (D.Del. 1974); *Fashion Novelty Corp. v. Cocker Mach. & Fdry. Co.*, 331 F.Supp. 960, 964–5 (D.N.J. 1971); 3 J. Moore, Federal Practice ¶ 15.15[5.–2] at 1051–52; see *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1258 (D.Del.1975).

4. *See, e. g., Yorden v. Flaste, supra* (substitution of legal widow for spurious common law wife in survival and wrongful death actions); *Hockett v. American Airlines, Inc.*, 357 F.Supp. 1343, 1347–48 (N.D.Ill.1973) (husband's action

for negligence amended to add wife's claims for loss of consortium); *Joseph v. House*, 353 F.Supp. 367, 370 (E.D.Va.1973) (addition of plaintiffs in suit challenging validity of massage parlor ordinance); *Fashion Novelty Corp. v. Cocker Mach. & Fdry. Co., supra* ("virtual identity" between original plaintiff company and added plaintiff company); *Newman v. Freeman*, 262 F.Supp. 106 (E.D.Pa.1966) (parents' damage claim for tort inflicted on child added to complaint of guardian on behalf of child).

5. Fed.R.Civ.P. 17 provides in pertinent part: "RULE 17. PARTIES PLAINTIFF AND DEFENDANT; CAPACITY.
"(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own

have been among those in which courts have approved Rule 15(c) amendments adding plaintiffs.[6]

The defendant strenuously objects to plaintiff's attempts to apply the above operative principles to the present situation. He argues that they have no bearing on the instant case where the insurer is "an entirely new party, with a separate claim from the plaintiff, not subrogated to the plaintiff's rights, under Delaware's 'No Fault' law." This attempt to find support in the Delaware statute for an asserted distinction under Rule 15 between the insurer and the insured has some superficial appeal, but it misconstrues the realities of the Delaware no fault statute and ignores the practical spirit behind the controlling federal rules. Contrary to defendant's assertion, the Delaware statute specifically mandates that insurers "shall be subrogated to the rights" of their insureds. 21 Del.C. § 2118(f). That this is a subrogation by statute rather than by explicit contract does not alter its essential character as a mechanism of succession or substitution. Moreover, the nature of the statute as a subrogation is not undercut by the legislature's decision in 21 Del.C. § 2118(g) to prohibit anyone but the subrogee from suing for recovery of special damages.

The few Delaware cases which have discussed this relatively new statute tend to disprove the defendant's contentions that the statute provides evidence of a disassociation of such magnitude between the insurer and the insured so as to preclude applica-

tion of Fed.R.Civ.P. 15. In *DeVincentis v. Maryland Casualty Co.*, 325 A.2d 610 (Del. Super.1974), there was an objection to a consolidated trial on the issues of general damages recoverable by the insured and special damages recoverable only by the insurer. The court overruled the objection in an opinion which relied in part on the legislative purpose behind the no fault statute:

"Since the law provided that the injured party could collect for medical expenses, lost earnings and property damage from his insurer, he was precluded from suing the tortfeasor for these items of damage or from putting in evidence concerning them. *Correspondingly, the law specifically provides that the insurer who has paid special damages would be subrogated to the insured's right to recover against the tortfeasor.* 21 Del.C. § 2118(f). To the extent that this involves separate recoveries, the law has split the cause of action, as it was viewed at common law. Compare *Catalfano v. Higgins*, Del.Supr., 188 A.2d 357 (1962). *However, the so-called splitting of causes of action was an incidental result and not an objective of the no-fault insurance law.*" 325 A.2d at 612 (emphasis supplied).

*Murray v. James*, 326 A.2d 122 (Del.Super. 1974), builds upon the *DeVincentis* interpretation of the statute and, in addition, sheds doubt on defendant Clayville's present contention that the principle of real party in interest has no application to the relation-

name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. . . ."

**6.** *See, e. g., Wadsworth v. United States Postal Service,* 511 F.2d 64, 66-67 (7th Cir. 1975) (in-

sured's complaint amended under Rules 15(c) and 17(a) to add partially subrogated insurer as plaintiff); *Link Aviation, Inc. v. Downs,* 117 U.S.App.D.C. 40, 325 F.2d 613 (1963) (subrogated insurer, real party in interest, added as plaintiff pursuant to Rule 15(c)); *Kansas Electric Power Co. v. Janis,* 194 F.2d 942, 944 (10th Cir. 1952) (no new cause of action where amended complaint names subrogee-insurer as plaintiff); *Joint School Dist. No. One v. Brodd Construction Co.,* 58 F.R.D. 213, 214 (E.D.Wis. 1973) (insurer-subrogee, a real party in interest, added as plaintiff pursuant to Rule 15(c)); *Wallis v. United States,* 102 F.Supp. 211, 212–213 (E.D.N.C.1952) (subrogated insurer may be added as plaintiff pursuant to Rule 15).

ship between Garr and Home Indemnity under the Delaware no fault insurance statute. In *Murray*, a question arose as to whether the subrogated insurer could proceed in its own name in bringing an action for special damages. The court's comments are instructive in that they reveal an implicit assumption that the claims of the insurer and insured are not so mutually foreign as to make real party in interest concepts totally inapplicable to a discussion of their relationship:

"The modern view, which is embodied in Rule 17(a) of the Civil Rules, Del.C. Ann., of this Court is that actions should be brought in the name of the real party in interest. Prior to adoption of the no-fault insurance law, subrogated tort claims where the real party in interest was an insurance company were treated as an exception to this rule because of the policy that the existence of insurance should not be revealed to the jury. [citations omitted] The decision in *DeVincentis* concluded that this is no longer a persuasive consideration. Accordingly, I find that the requirements of Rule 17(a) apply, and, therefore, the subrogated insurer may proceed in its own name." 326 A.2d at 123.[7]

 While this Court's interpretation of Delaware law is neither binding upon Delaware nor dispositive of the question of federal law which now confronts the Court, a review of the relevant Delaware statute and cases does provide useful input concerning the relationship of the insurer and the insured for purposes of Federal Rule 15. Here, the relationship between Garr and Home Indemnity, his subrogated insurer is clearly close. Their respective claims arise out of the same accident and, practically speaking, constitute subparts of the same cause of action. But for the special provisions of the Delaware statute, Garr would have pursued a claim for his special dam-

ages in tandem with the remainder of his suit. In fact, he attempted to do so, but was precluded by the defendant's raising of the Delaware statute. Certainly, in this posture, on these facts, the defendant cannot assert any lack of notice, absence of factual knowledge, or other prejudice if the subrogated insurer, the proper plaintiff, is permitted to pursue its claim for special damages in Garr's place. While it is true that Home Indemnity's delay in picking up the traces of Garr's claim was undesirably long, especially in light of its representation by plaintiff's attorney, the amendment under Rule 15(c) should nevertheless not be denied in the absence of some identifiable prejudice.

Plaintiff will be given leave to amend his complaint to add Home Indemnity as a party plaintiff, said amendment to relate back to the date of the filing of Garr's original complaint pursuant to Rule 15(c).

Present order on notice within 10 days.

---

**7.** Delaware Rule 17(a) is identical to Fed.R. Civ.P. 17(a). *See White v. Metzer*, 2 Storey 440, 159 A.2d 788 (Del.Super.1960).

*Webster v. State Farm Mutual Automobile Ins. Co.*, 348 A.2d 329 (Del.Super.1975), is not inconsistent with *DeVincentis* and *Murray*

when viewed in light of the attempt by Webster's insurer to have her action seeking no fault benefits under the statute dismissed on the grounds that the action should have been joined with her prior suit against the tortfeasor.